19801265

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **FALSTAFF PARKING PARTNERS, LLC** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 3:26-CV-00005** |
| **THE TRAVELERS INDEMNITY COMPANY** | § § § § | |
| **Defendant** | § § § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant THE TRAVELERS INDEMNITY COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 122nd District Court, Galveston County, Texas to the United States District Court for the Southern District of Texas, McAllen Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix filed in support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

**I.**
**INTRODUCTION**

1.      On December 03, 2025, Plaintiff Falstaff Parking Partners, LLC filed its original petition in the 122nd Judicial District Court, Galveston County, Texas captioned *Falstaff Parking Partners, LLC v. The Travelers Indemnity Company*, Cause Number 25-CV-2242 (the "State Court Action").

2.      Citation for the State Court Action was served on Travelers on December 15, 2025.

1

19801265

## II. BASIS FOR REMOVAL

3.        Under 28 U.S.C. § 1441(a), a defendant may remove a civil case from state court to a United States District Court having original jurisdiction and embracing the place where such action is pending.

4.        This Court has original jurisdiction over the State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.        Plaintiff seeks monetary relief of "over $1,000,000.00." *See* Exhibit "B" at par. VII, page 12. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

6.        Defendant The Travelers Indemnity Company at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in Hartford, Connecticut, which is the state where its "nerve center" is located.

7.        Plaintiff at the time of the filing of this action was, has been at all times since, and still is, a limited liability company. For purposes of diversity jurisdiction, an LLC is a citizen of every state in which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080(5th Cir. 2008) ("The citizenship of an LLC is determined by the citizenship of all of its members."). Upon information and belief, none of Plaintiff's members are citizens of Connecticut.

8.        Therefore, complete diversity exists because the amount in controversy exceeds $75,000, exclusive of interest and costs and Plaintiff is not a citizen of Connecticut, and Defendant Travelers is a citizen of Connecticut.

19801265

9.      A search of available public records reveals the Plaintiff is a Delaware Corporation. *See* Exhibit "C" (Delaware Division of Corporations).  The registered agent also has a Delaware address. *See id.*

10.      Travelers also searched the available public records of Galveston County.  In Galveston County, Travelers located a Tax office record identifying a contact named Hunter Kitchens whose address is listed as 2090 Old Airport Rd., Nunnelly, Tennessee 37137.  *See* Exhibit "D" (Property Tax Statement).  Travelers research of available public records in Galveston County also revealed a document regarding a Deed of Trust dated December 11, 2025 and a Correction Deed dated February 28, 2019.  Both list Plaintiff's address as 2090 Old Airport Road.  While the City and State is not listed, it is a reasonable assumption that this is in Nunnelly, Tennessee.  *See* Exhibit "E" (Galveston Deed and Sales Records).

11.      The insurance policy issued by Travelers to Plaintiff identifies the contact for Plaintiff as Richard Tomichek, Jr., CPA at 3011 Armory Drive in Nashville, Tennessee.  *See* Exhibit "F" (Declarations Page of Policy No. Y-630-6K82409A-Ind-23).

12.      The Dunn and Bradstreet Business Directory also confirms that Plaintiff's address is 421 Church St., Nashville, Tennessee 38219-2501.  *See* Exhibit "G."

13.      There are no names identified as members of Plaintiff filed with the Galveston County Clerk and/or the Texas Secretary of State.

14.      The undersigned and his staff have searched several proprietary databases and repositories for information regarding the composition of FALSTAFF PARKING PARTNERS, LLC.  These investigative efforts have revealed no evidence that any of Plaintiff's members are domiciled in Defendant's home state of Connecticut.  Further, it is clear that Plaintiff's "nerve center" is in Tennessee.

3

19801265

15.     Based on exhaustive research of publicly available information, and upon information and belief, Plaintiff and its partners or members are not citizens or residents of Connecticut. Several courts in the Fifth Circuit have concluded that information-and-belief allegations of citizenship are proper. *Rollins v. Fitts*, No. 1:18-CV-198, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("[W]hen a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief."); *Bates Energy Oil & Gas, LLC* v. *Complete Oil Field Servs., LLC,* No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); see also *Henderson Apartments Tenant, LP v. Travelers Excess and Surplus Lines Company*, 2023 WL 5983889, at *3 (W.D. Tex. Sept. 14, 2023).

16.     It is clear from available public records that there are no persons or entities who own or control Plaintiff that are citizens of Connecticut where Travelers is a citizen.  A search of government records in Connecticut revealed no results for Falstaff Parking Partners, LLC.  *See* Exhibit "H."  (Connecticut; Business.Ct.gov.)

17.     Because this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), Travelers is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1441(a).

18.     This Notice of Removal is filed within thirty (30) days after service on Defendant of the State Court Action. This Notice of Removal is also being filed within one year of the filing of Plaintiff's Original Petition by which the State Court Action was commenced. This Notice, therefore, is timely filed pursuant to 28 USC § 1446(b).

## III.
## PROCEDURAL REQUIREMENTS

19.     In accordance with 28 USC § 1446(D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 122nd Judicial District Court, Galveston County, Texas.

20.     Defendant reserves the right to amend or supplement this Notice of Removal.

21.     The following are included in the Appendix filed contemporaneously with this Notice of Removal:

Exhibit A:     State Court Docket Sheet

Exhibit B:     Plaintiff's Original Petition

Exhibit B-1:   Citation issued to Defendant

Exhibit B-2:   Defendant's Original Answer

Exhibit B-3:   Defendant's Jury Demand

Exhibit C:     Delaware and/or Texas Secretary of State Filing for Plaintiff

Exhibit D:     Galveston County Tax Office Property Tax Statement

Exhibit E:     Galveston Deed and Sales Record

Exhibit F:     Declarations Page of Policy No. Y-630-6K82409A-Ind-23

Exhibit G:     D&B Business Directory Listing

Exhibit H:     Connecticut Business.Ct.gov Search

Exhibit I:     State Court Notice of Removal

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully requests that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: January 9, 2026.

5

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone

By:

ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law

ATTORNEY IN CHARGE FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 9th day of January 2026:

Brennan Kucera                          Email:    brennan@ck-firm.com
Crowell & Kucera, PLLC
2028 E. Ben White Blvd.
 Suite 240-2015
Austin, TX 78741

ROBERT F. SCHEIHING

6