United States District Court
Southern District of Texas

**ENTERED**

July 07, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| FALSTAFF PARKING PARTNERS, LLC, | § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 3:26-cv-00005 |
| V. | § § | |
| THE TRAVELERS INDEMNITY COMPANY, | § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Plaintiff Falstaff Parking Partners, LLC and Defendant The Travelers Indemnity Company jointly move for an order compelling non-party JMK5 Falstaff Hotel LLC to comply with a subpoena issued under Federal Rule of Civil Procedure 45. *See* Dkt. 21. The parties complain that JMK5 did not file and serve timely written objections or a motion to quash or modify the subpoena. Because "JMK5 has failed to produce the requested documents and has otherwise failed to comply with the subpoena," the parties ask the court to order JMK5 "to fully comply with the subpoena" and "require production of all responsive documents, electronically stored information, and tangible things within 14 days of the Court's Order." *Id.* at 2, 3.

There is one glaring problem with the parties' request that I compel JMK5 to comply with the subpoena at issue: the parties have failed to show proper service of the subpoena on JMK5. "Without proof of proper service on each non-party entity, the Court cannot compel the non-party to comply with a subpoena." *Strong v. Paradise*, No. 3:23-cv-2847, 2025 WL 1811766, at *4 (N.D. Tex. July 1, 2025).

The Affidavit of Service states that the subpoena was served on May 6, 2026, at 308 West Parkwood Avenue, Suite 104A, Friendswood, TX 77546 by delivering a copy to "JMK5 FALSTAFF HOTEL LLC C/O DANIELLE, ASSISTANT" Dkt. 21-2 at 2. This is insufficient.

Rule 45 "does not address service upon a business organization, so courts have turned to Rule 4 of the Federal Rules of Civil Procedure for guidance." *In re Metal Process Int'l, L.P.*, No. M-13-036, 2013 WL 12155025, at *4 (S.D. Tex. May 13, 2013). For a limited liability company like JMK5, service is proper if a copy of the summons and complaint is delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Here, there is no indication in the record that "Danielle, Assistant" is an agent authorized to accept service of process on JMK5's behalf.

Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Because this court is in Texas, I look to Texas law. Texas law provides that "[f]or the purpose of service of process, notice, or demand . . . each manager of a manager-managed domestic or foreign limited liability company and each member of a member-managed domestic or foreign limited liability company is an agent of that limited liability company." Tex. Bus. Orgs. Code Ann. § 5.255(3). The parties have not shown that "Danielle, Assistant" is a member or manager of JMK5 such that service was proper under Rule 4(e)(1).

Because there is not a shred of evidence indicating that "Danielle, Assistant" is an agent authorized to accept service of process on JMK5's behalf, or a member or manager of JMK5, I find that JMK5 has not been properly served with a Rule 45 subpoena in this case. Until service is effectuated, I am powerless to compel JMK5 to do anything. For these reasons, I deny the joint Motion to Compel Discovery from Non-Party (Dkt. 21).

SIGNED this ___7___ day of July 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

2